IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| GEORGE SEPULVEDA, | : | Civil No. 1:17-CV-1718 |
| --- | --- | --- |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Carlson) |
| WARDEN J. BALTAZAR, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

Albert Einstein once observed that doing the same thing over and over again and expecting different results in one of the highest forms of human folly. George Sepulveda would do well to consider Einstein's wisdom.

The petitioner in this case, George Sepulveda, is a convicted murderer and reputed leader of a violent criminal street gang, the Almighty Latin Kings Nation, who is serving multiple life sentences in this district after his 1997 convictions in federal court in Rhode Island for racketeering, conspiracy to commit racketeering, murder in aid of racketeering, witness intimidation, and being a felon in possessing firearms, convictions which were subsequently affirmed by the United States Court of Appeals for the First Circuit. United States v. Lara, 181 F.3d 183, 190 (1st Cir. 1999). Following these murder and racketeering convictions, Sepulveda has engaged in repeated post-conviction efforts to vacate these sentences, launching

1

repeated legal forays both in this court, Sepulveda v. Smith, 213 F. App'x 125, 126 (3d Cir. 2007), and in the court of his conviction. "For example, in Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir.2003), he argued unsuccessfully that he could seek collateral review because he was denied rights established in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Sepulveda v. United States, No. 10–1755, Judgment (1st Cir. July 1, 2010), he argued unsuccessfully that he could seek collateral review because he had been denied rights established in Presley v. Georgia, 130 S.Ct. 721 (2010). In Sepulveda v. United States, No. 13–1326, Judgment (1st Cir. Apr. 1, 2013), he argued unsuccessfully that he could seek collateral review because he was denied rights established in Missouri v. Frye, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, 132 S.Ct. 1376 (2012)." United States v. Sepulveda, No. CR 95-075-01 ML, 2015 WL 687226, at *2 (D.R.I. Feb. 18, 2015).

These manifold post-conviction petitions have challenged Sepulveda's convictions and sentences on a host of grounds, many of which invite careful scrutiny of factual matters which occurred during Sepulveda's trial in the District of Rhode Island. Thus, the post-conviction petitions filed by Sepulveda invariably invite a factual inquiry of the type which is most appropriately undertaken in the district of his conviction, the District of Rhode Island. Furthermore, Sepulveda's multiple post-conviction petitions, while many and varied in their form and

content, share one other common characteristic: They have all been entirely devoid of merit.

It is against this backdrop that Sepulveda has filed the instant federal habeas corpus petition. In this, his latest post-conviction petition, Sepulveda launches yet another fact-bound attack upon his federal conviction in Rhode Island, challenging the life sentences which he received on his racketeering-witness intimidation-murder convictions based upon the Supreme Court's decision in Miller v. Alabama, – U.S.– 132 S. Ct. 2455 (2012), arguing that Miller, which involved life sentences without the possibility of parole for juveniles, applies to him even though it appears that he was not a juvenile offender at the time of the homicide involved in this case.[1]

---

[1] The BOP inmate locator service states that Sepulveda is currently 43 years old, which would make his year of birth 1974. According to court records, much of this racketeering and witness intimidation—homicide took place in the Autumn of 1994. United States v. Lara, 181 F.3d 183, 200 (1st Cir. 1999). Sepulveda would have been an adult, 20 years old at this time. In Miller the Supreme Court dealt with a narrow and specific issue: whether the Eighth Amendment prohibited mandatory life sentences for juvenile offenders. Sepulveda now apparently seeks to transmogrify this narrow holding which applies only to juveniles facing mandatory sentences into a rule which would effectively absolve him of liability for a murder solely on the grounds that he claims he was an immature 20 year old adult when he ordered this slaying. This precise claim has been repeatedly rebuffed by federal courts in Pennsylvania which have confronted identical contentions by adult offenders and consistently rejected these claims. See, e.g., Eliam v. Fisher, CIV.A. 13-3072, 2014 WL 716793 (E.D. Pa. Feb. 25, 2014); Dickson v. Kerestes, CIV.A. 13-4020, 2014 WL 543491 (E.D. Pa. Feb. 10, 2014);

Sepulveda candidly acknowledges that he raised this precise concern in the district of his conviction as a second and successive petition under 28 U.S.C. §2255, but was rebuffed by that court, in that his application to file a second and successive petition was denied by the United States Court of Appeals for the First Circuit. (Doc. 1, ¶¶11-14.) Undeterred, Sepulveda now argues that this sentencing issue of dubious merit somehow renders him actually innocent of these crimes. On the basis of this frivolous claim of actual innocence, which is wholly unmoored to the question of whether Sepulveda actually committed these crimes, Sepulveda now seeks to file a habeas petition in this court instead of following the path prescribed by law and securing leave of court to file a successive §2255 petition.

For the reasons set forth below, this petition should be dismissed.

---

Butler v. Wetzel, CIV.A. 13-3265, 2014 WL 502362 (E.D. Pa. Feb. 6, 2014); Weaver v. Kerestes, No. 13–3947, 2013 WL 6506318 (E.D.Pa. Dec.12, 2013); Jones v. Walsh, No. 13–1316, 2013 WL 6159286 (E.D.Pa. Nov.25, 2013); Hall v. Lamas, CIV.A. 12-5163, 2013 WL 1187047 (E.D. Pa. Feb. 7, 2013) report and recommendation adopted, CIV.A. 12-5163, 2013 WL 1189242 (E.D. Pa. Mar. 22, 2013). Thus, a growing body of case law recognizes that the Supreme Court's decision in Miller simply has no application to adult offenders like Sepulveda. While we need not ultimately reach this issue, the questionable nature of the merits of this claim strongly suggests that this is a case which should be considered in the court of conviction, and not here.

## II. Discussion

### A. This Petition Should Be Dismissed

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief in this district in lieu of a second or successive motion to correct sentence filed in the district of conviction under 28 U.S.C. § 2255. This showing is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition, which seeks to correct a federal prisoner's sentence, is appropriate here since it is well-settled that: "[T]he

usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Indeed, it is now clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy

6

to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)) Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions with the sentencing court under § 2255.

This general rule admits of only one, narrowly-tailored, exception, albeit an exception that has no application here. A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39

(citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition simply do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251.

On its face, this petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Sepulveda has

8

not and indeed cannot argue that racketeering and murder are matters which an intervening change in substantive law has made no longer criminal. Dorsainvil, 119 F.3d at 251. Quite the contrary, these crimes are illegal today as they were in 1997 when Sepulveda was convicted of these offenses. Therefore, the Dorsainvil exception, under which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255, simply has no application here. Instead, the petitioner's current § 2241 petition seems explicitly premised on a notion of judge-shopping, a desire to litigate sentencing claims in a different forum. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction, and, therefore, this request must be rejected by this Court. Manna v. Schultz, 591 F.3d 664 (3d. Cir. 2010).

Furthermore, Sepulveda may not avoid this outcome by simply arguing that the court of appeals and sentencing court have not accepted his prior post-conviction claims in the past when he filed motions under 28 U.S.C. §2255 or his motion for leave to file a second or successive §2255 petition. While we note that Sepulveda alleges that the court of appeals has denied his prior request for leave to file a second and successive §2255 petition, and take no position on whether Sepulveda may ultimately be able to successfully obtain leave from the United States Court of Appeals for the First Circuit to file a second or successive motion for relief under § 2255 with the United States District Court, to the extent he

wishes to pursue such relief, he must comply with the Rules Governing Section 2255 Proceedings for the United States District Courts. In particular, Sepulveda is directed to Rule 9, which provides that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." See also 28 U.S.C. § 2244(b)(3) (outlining procedure for obtaining leave from the court of appeals to file a second or successive motion for relief in the district court); 28 U.S.C. § 2255(h) (providing that a second or successive petition "must be certified" by a panel of the appropriate court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence of the whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). Reliance on the process for pursuing second and successive motions to correct sentence under 28 U.S.C. § 2255 is particularly appropriate here given the nature of Sepulveda's claims since it is evident that his request may call for further fact-finding by the sentencing judge. See United States v. Johnson, 587 F.3d 203 (3d Cir. 2009). Thus, the issues framed by this petition are uniquely

within the purview of the sentencing judge, and are uniquely susceptible to resolution through a motion to correct sentence under § 2255.

Furthermore, while Sepulveda states that he has tried, unsuccessfully, to file a prior § 2255 petition, this assertion, standing alone, does not demonstrate that § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In this regard it bears repeating that: "It is the inefficacy of the remedy [under § 2255], not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, as a matter of law "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, . . . ." Cradle, 290 F.3d at 539. Therefore, Sepulveda may not simply rely upon his past litigative failures and the prior refusal of the court of appeals to grant him leave to file a petition under § 2255 to justify foregoing such a motion at this time.

Nor can Sepulveda belatedly secure relief under § 2241, after having been denied relief under § 2255, by asserting that, while guilty of racketeering and murder, he is somehow "actually innocent" of the life sentences he received. This claim fails for two reasons. First, as we have noted, see footnote 1, *supra*, Sepulveda's argument misconstrues and transmogrifies the Supreme Court's holding in Miller, which only applied to mandatory life sentences imposed upon juvenile offenders. Simply put, an adult killer like Sepulveda simply may not rely

upon Miller for relief when a sentencing judge in the exercise of discretion imposes a life sentence upon that murderer.

Second, "actual innocence" arguments based solely upon the application of some sentencing provision, while frequently made by federal inmates, are rarely embraced by the courts. Indeed, courts, including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement. See, e.g., Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); Montes v. Holt, 179 F.App'x 824 (3d Cir. 2006); Sorrell v. Bledsoe, 437 F. App'x 94, 96 (3d Cir. 2011); Selby v. Scism, 453 F. App'x 266, 268 (3d Cir. 2011); Jackman v. Warden Fort Dix FCI, 648 F. App'x 241, 243 (3d Cir. 2016).

In sum, Sepulveda invites this Court under the guise of a habeas petition to do something which only the sentencing court should do–set aside his conviction and sentence. We should also decline this invitation, given that Sepulveda has made no showing that § 2255 is inadequate or ineffective to test the legality of his sentence, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Therefore, it is recommended that the petition be denied with instructions that Sepulveda should

pursue any relief in this matter under § 2255 through a properly framed motion directed to the court of appeals for leave to file second or successive motion to correct his sentence.

### III. Recommendation

For the reasons set forth above, it is RECOMMENDED that the Court deny Sepulveda's petition for a writ of habeas corpus (Doc. 1.) on the grounds that the Court lacks jurisdiction to consider the petition, but without prejudice to Sepulveda taking whatever action before the United States Court of Appeals for the First Circuit he deems appropriate under § 2255 to preserve and present this issue in a second or successive motion to correct his sentence.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of September 2017.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
