IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE SEPULVEDA,** | : | Civil No. 1:17-cv-1718 |
| Petitioner, | : | |
| v. | : | **Judge Rambo** |
| **WARDEN J. BALTAZAR,** | : | **Magistrate Judge Carlson** |
| Respondent. | : | |

## **M E M O R A N D U M**

Before the court is a report and recommendation (Doc. 3) by the magistrate judge in which he recommends that Petitioner George Sepulveda's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be denied. Sepulveda filed objections to the report and recommendation on October 13, 2017. (Doc. 4.) For the reasons that follow, the report and recommendation will be adopted.

### **I.    Background**

Sepulveda is serving multiple life sentences after being convicted in 1997 for racketeering, conspiracy to commit racketeering, murder in aid of racketeering, witness intimidation, and being a felon in possession of firearms. He is currently being housed in the Middle District of Pennsylvania at USP Canaan.

Sepulveda has filed numerous petitions pursuant to 28 U.S.C. § 2255 in this district and in the First Circuit. (*See* Doc. 3, p. 2.) In the instant case, he brings

his action pursuant to 28 U.S.C. § 2241, and argues that his mandatorily imposed life sentences are in violation of the Eighth Amendment to the United States Constitution and that he can proceed by way of § 2241 because § 2255's remedy is inadequate or ineffective to test the legality of his detention. (Doc. 4, p. 3.)

**II.  Discussion**

Sepulveda's first argument is that *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012), wherein the Supreme Court held that sentences of life without parole as applied to juveniles were unconstitutional, applies to him. Sepulveda does not dispute that he was not a juvenile at the time of the commission of his crimes. Instead, he argues that there is no test to determine at what biological age adolescence ends and adulthood begins. Regardless of this argument, however, the Supreme Court specifically held in *Miller* that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eight Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 2460. However, since Sepulveda uses this argument to object to his sentence, it is for the sentencing court to assess this argument.

The magistrate judge very thoroughly addressed the procedural rules and case law on the subject of challenges to a federal conviction or sentence, and properly found that proper procedure in this action required a petition filed pursuant to § 2255 and not § 2241. The fact that the district court and the Court of

Appeals for the First Circuit previously denied Sepulveda's prior post conviction claims or denied a motion for leave to file a second of successive § 2255 petition does not afford him relief pursuant to § 2241.

### III. Conclusion

Sepulveda has not shown that § 2255 is inadequate or ineffective to test the legality of his sentence. His motion filed pursuant to § 2241 will be dismissed for lack of jurisdiction in this court.

                         s/Sylvia H. Rambo
                         SYLVIA H. RAMBO
                         United States District Judge

Dated: October 24, 2017